BREIER *v.* MARTIN.

5-1133                                    299 S. W. 2d 77

Opinion delivered February 25, 1957.

*Rose, Meek, House, Barron & Nash* and *Phillip Carroll,* for appellant.

*Talley & Owen, Max Howell* and *Wayne Owen,* for appellee.

SAM ROBINSON, Associate Justice.   This litigation involves the title to a strip of ground about 4 1/2 inches wide, running North and South, on the North side of Markham Street, between Main and Louisiana Streets, in the City of Little Rock.   A brick wall 4½ inches wide is located on this narrow strip of property.   The appellant, Mrs. Bertha Breier, owns the West Half of Lot 8, Block 79, Original City of Little Rock; Lot 7, adjacent thereto on the West, is owned by appellee, Mrs. Bernice W. Martin.   Both parties claim that the 4 1/2 inch strip of ground in question is a part of their respective lots, and, also, each claims title thereto by adverse possession.

In 1955, Mrs. Martin demolished and removed from her lot a two story brick building, hereinafter called the Martin building; part of the East wall of that building extended upward only as high as the first floor, and the ceiling joists of the South 35 feet of the Martin building rested on that wall. The joists of the South 35 feet of the Martin building above the 4 1/2 inch wall were set in the upper portion of the wall supporting the Breier building located on the West Half of Lot 8. But, Mrs. Martin claims no interest in the wall on the West Half of Lot 8 supporting the Breier building. When the Martin building was demolished, the South 35 feet of the East wall of the building, consisting of one layer of brick about 4 1/2 inches in width, was left standing. This 4 1/2 inch layer of brick runs from the front to the rear of the Breier building; it does not support the Breier building, but is laid flat against the wall that does support that building. Ownership of the 4 1/2 inch layer of brick and ground on which it stands is the principal subject of this litigation. In addition, there are two sewer pipes from the Breier building that extend over the property line of the Martin lot; Mrs. Breier claims prescriptive rights in the Martin property in respect to such sewer pipes. The chancellor held that the 4 1/2 inch strip of ground and the wall thereon belong to Mrs. Martin, the owner of Lot 7, and that Mrs. Breier has gained no prescriptive rights in the Martin property by reason of the location and use of the sewer pipes. Mrs. Breier has appealed.

The issue here is whether the decision of the chancellor is contrary to the preponderance of the evidence. When all of the direct and circumstantial evidence is considered, we cannot say that it does not preponderate in favor of Mrs. Martin, the owner of Lot 7.

In the first place, two registered civil engineers, John P. Powers and W. Terry Feild, surveyed the property, and testified that the wall in question is on Lot 7, and not on the West Half of Lot 8; and there is other direct and circumstantial evidence which is convincing that the wall is on Lot 7. The wall does not support the

Breier building, but about 35 feet of it was supporting the building on Lot 7. There are many pictures in the record of the property in controversy; it can be seen from these pictures that the front of the Breier building is faced with some kind of white stone. Apparently, this stone covers the entire front of the Breier building, with the exception of the doors and windows, but it does not extend over the front of the 4 1/2 inch wall on the West, which is in controversy; it does, however, extend to the very edge of what appears to be the East wall of the Breier building. A cast iron post, or column, which supported the Southeast corner of the Martin building, was at the South end of the 4 1/2 inch wall; it was located on the same property on which that wall is situated. Exclusive of the 4 1/2 inch wall, both the East and West walls of the Breier building are of the same thickness; but if the 4 1/2 inch single brick wall should be considered part of the West wall of the Breier building, that wall would be thicker than the East wall by 4 1/2 inches, and there does not appear to be any sound reason for making the West wall of the Breier building 4 1/2 inches thicker than the East wall, especially when this additional 4 1/2 inch wall on the West does not support any part of the Breier building.

Appellant attempts to show by ancient documents, consisting of newspapers published about the time the Martin building was constructed or reconstructed, and by other records, that the wall in question is a part of the Breier building. However, this evidence is not convincing in that respect. From the records and ancient documents, it appears that on the first day of December, 1874, John G. Price and Mary B. Price, his wife, who at that time owned both Lot 7 and the West Half of Lot 8, gave Henry Buerger a lease on Lot 7 with the privilege of constructing a building thereon; and, further, he was to have the use of 35 feet of the West wall of the building then located on the West Half of Lot 8, commencing at the Southwest corner and running North 35 feet. Buerger did use the upper portion of the wall of the building on the West Half of Lot 8, now the Breier building, about which there is no dispute, to place some of the

joists of his building. But the ceiling joists of the first floor of the Martin building were placed on the wall now in dispute, and the evidence is not at all convincing that the 4 1/2 inch brick wall was ever a part of the building located on the West Half of Lot 8.

It appears that there had been a building or buildings on Lot 7 at a time before Buerger constructed his building, and it is not improbable that the wall in question was in place on Lot 7 at the time Buerger put up his building. On February 28, 1868, John P. Jones and John G. Price entered into a partnership for the purpose of publishing a newspaper, and at that time Jones conveyed to Price property as follows: "Now I the said John P. Jones, party of the first part hereto, do hereby grant, bargain, sell and convey unto the said John G. Price, party of the second part hereto and his heirs, executors, administrators and assigns forever, one undivided half of the West Half of Lot numbered Eight in Block numbered Seventy Nine . . . also an undivided half of the buildings and improvements on the lot of ground on the corner of Markham and Louisiana Streets . . ." Lot 7, now the Martin lot, is located on the corner. Hence, it appears that there was a building or buildings on Lot 7 in 1868, about seven or eight years before Buerger built anything on that lot. The conveyance just mentioned, from Jones to Price, executed in 1868, says "the buildings and improvements on the lot of ground on the corner of Markham and Louisiana Streets." In 1875, when Buerger constructed his building, Lot 7 was still referred to as the corner. In the "Little Rock Republican," of April 3, 1875, the following appears: "Buerger will open his Palace Saloon, on the corner of Markham and Louisiana, between the 12th and 15th of this month, . . ."

There is some circumstantial evidence to the effect that the 4 1/2 inch wall is a part of the Breier building, such as evidence that at one time there were openings into that building through both the 4 1/2 inch wall in controversy and the admitted wall of the Breier building, but there is no showing as to when the open-

ings, now closed, were made in the wall, or the circumstances thereof. Also, there are some windows that appear to have been constructed at a time when the 4 1/2 inch wall was in place in the Breier building, but the Breier building is very old, and Lot 7 and the West Half of Lot 8 were at one time controlled by one ownership. There is no evidence as to when the windows were placed in the Breier building.

Another difficult problem is the fact that the 4 1/2 inch wall also appears to be in the rear of the Breier building. But this difficulty is no greater than it would be to assign any reason whatever for constructing the 4 1/2 inch wall as a part of the Breier building.

Mrs. Breier has no title to the wall on the theory of adverse possession. She testified that she claims only what is on the West Half of Lot 8; it is established that the 4 1/2 inch wall is not on the West Half of Lot 8, and is not supporting the building on that lot; her restaurant sign on the front of her building, on the West Half of Lot 8, appears to go to the very edge of her building, but it does not cover the 4 1/2 inch wall, and she has never had possession of the 4 1/2 inch wall.

Appellant also contends that in the year 1874 the Prices, owners of Lot 7 and the West Half of Lot 8, and Buerger, lessee of Lot 7, fixed the boundary between the two lots as West of the 4 1/2 inch wall; but the evidence does not support that contention.

Appellant's testimony with reference to the sewer pipes extending from her building out over very small parts of the Martin property is vague and uncertain; but, it is certain that appellant is not claiming prescriptive rights in the sewer line which crosses the Martin property from the point where appellant's pipes join it to the main sewer line. Without the right to use the sewer line crossing the Martin property, the sewer pipes in controversy here would be worthless. The sewer line on the Martin property is not the only one leading from appellant's building. Appellant has access to the main sewer line by another sewer pipe located on her

458

own property; hence, it is not necessary that she have use of the sewer line across the Martin property. Furthermore, in the event Mrs. Martin should construct on her own lot a building consisting of two or more stories, in all probability the sewer pipes involved here would be completely enclosed, and it would be impossible to make any necessary repairs on the pipes without entering the new building on the Martin property. Since Mrs. Breier does not claim an easement across the Martin property for a sewer line, an easement over a very small fraction of the lot would be worthless to her. Furthermore, the evidence is not convincing that Mrs. Breier has ever made any claims of prescription or ownership on any part of Lot 7.

Affirmed.

Mr. Justice SMITH not participating.